UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT CULVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CAUSE NO. 1:20-cv-2838 |
| METROPOLITAN SCHOOL ) | |
| DISTRICT OF MARTINSVILLE ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

The plaintiff, Robert Culver (hereafter "Culver"), brings this action against his former employer, Metropolitan School District Martinsville (hereafter "Defendant"), alleging that Defendant violated his rights under the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

### II. Parties

1. Culver has resided within the Southern District of the State of Indiana at all relevant times.

2. Defendant is a school district located within the Southern District of Indiana.

### III. Jurisdiction and Venue

3. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A), 29 U.S.C. § 2611(4), and 29 U.S.C. §203(d).

4. Culver was an "employee" within the meaning of 42 U.S.C. § 12111(4), 29 U.S.C. § 2611(2), 29 U.S.C. §203(e).

5. At all relevant times, Culver has been a qualified individual with a disability, has had a record of disability, and/or has been regarded by Defendant as having a disability. Culver also has a close association with a qualified individual with a disability, a record of a disability, and/or is regarded by Defendant as having a disability.

6. At all relevant times, Culver was an "eligible employee" as that term is defined by the FMLA.

7. At all relevant times, Culver had a family member who had a "serious health condition" as that term is defined by the FMLA.

8. At all relevant times, Defendant has employed fifty (50) or more employees within a seventy-five (75) mile radius of the location where Plaintiff worked.

9. Culver worked 1,250 or more hours in the relevant twelve (12) month period.

10. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 12117, 29 U.S.C. § 2617(a)(2), and 29 U.S.C. §216(b).

11. Culver satisfied his obligations to exhaust his administrative remedies and now timely files his lawsuit.

12. Venue is proper in this Court.

### IV.  Factual Allegations

13. Culver began working for Defendant in 1998.

14. At all times relevant, Culver has been employed as a network administrator for Defendant.

15. As a network administrator, Culver reported to Brian Friese, Defendant's Director of E-Learning and Technology.

16. At all times relevant, Culver met or exceeded Defendant's legitimate employment expectations.

17. Throughout his employment with Defendant, Culver regularly worked more than 40 hours per week.

18. Rather than pay Culver overtime for hours worked in excess of 40 hours per week, Defendant provided Culver with "compensatory time" at a rate of one hour of compensatory time per one hour worked in excess of 40 hours.

19. Culver is a qualified individual with a disability, has a record of a disability, and/or is regarded by Defendant as having a disability.

20. Plaintiff has osteoarthritis, lumbar scoliosis, and fused C5-C6 and L5-S1 vertebrae. He also has fibromyalgia, type 2 diabetes and depression. Plaintiff's maladies cause him chronic pain and substantially limit his ability to walk, sit and stand, grasp objects and lift objects.

21. Culver's wife, Karen Culver (hereafter "Mrs. Culver") is also an employee of Defendant.

22. Mrs. Culver is a qualified individual with a disability, has a record of disability, and/or is regarded by Defendant as having a disability.

23. Mrs. Culver has been diagnosed with Amyotrophic Lateral Sclerosis (hereafter "ALS"), commonly known as Lou Gehrig's Disease; as well as Hereditary Ataxia/Paraneoplastic Neuromyopathy and Neuropathy. ALS is a disability which affects the

central nervous system, muscular system and brain, and can substantially limit the ability to move, speak, eat and breathe.

24. At all times relevant, Defendant, including Friese and Superintendent of Schools Jay Arthur ("Arthur") had knowledge of both Culver and Mrs. Culver's disabilities.

25. In 2019, Culver had three (3) surgeries for conditions related to his disability. For each of these surgeries, Culver requested and received leave under the FMLA.

26. Mrs. Culver's medical treatments for her disability are very expensive.

27. During the week of November 18, 2019, Culver informed his supervisor, Friese, that he may need to take Thursday, December 5, 2019, off of work to take Mrs. Culver to have a medical test related to her disability.

28. Friese told Culver he needed to discuss Culver's time off request with the Superintendent, Arthur.

29. On Monday, December 5, 2019, Culver followed up with Friese to find out if he had discussed his time off request with Arthur. Friese indicated that he had not yet spoken to Arthur.

30. Culver offered to make up the missed work and/or use "compensatory time" for the time he was absent, which Friese often allows and is a regular practice for Defendant.

31. On Tuesday, December 3, 2019, Friese called Culver into his office and informed him that Arthur had denied his request to be absent on December 5, 2019 to take Mrs. Culver to her medical test.

32. Friese told Culver that his request was denied because he had taken too many absences that year, despite his prior absences being covered under the FMLA.

33. Had Defendant properly credited Culver with 1.5 hours of "compensatory time" for each hour of overtime worked, as required by the FLSA, he would have had sufficient compensatory time to cover his absence.

34. Friese further told Culver that he would be terminated if he did not report to work on Thursday, December 5, 2019.

35. Culver left Friese's office and immediately went to Defendant's Human Resources department where he requested and received FMLA paperwork from Sandy Pasch ("Pasch") for absences related to Mrs. Culver's disability. Culver's request for FMLA paperwork constitutes protected activity under the FMLA and ADA.

36. That afternoon, Friese again called Culver into his office and asked him "what is your decision?" and "have you decided if you are going to report to work on December 5?"

37. Culver told Friese he had not yet made a decision because he had not yet had an opportunity to talk with Mrs. Culver. Shortly thereafter, Culver left work.

38. At 4:03 p.m. that afternoon, Friese left Culver a voicemail message, telling Culver that he must let him know that evening (December 3) whether he was going to report to work on December 5, and that he did not respond by 8 p.m. he would consider that failure to respond as Culver's resignation.

39. Friese was well aware that Mrs. Culver reports to work at Defendant at 4 p.m. and does not return until after 9:30 p.m., meaning that Culver wold not have an opportunity to discuss Friese's ultimatum before his arbitrary deadline of 8 p.m.

40. Before 7:15 p.m. that evening, Culver sent Friese an e-mail requesting an extension to 10 p.m. to respond to his ultimatum.

41. At 7:55 p.m. Friese responded, denying Culver's request for an extension to 10 p.m.

42. At 8:01 p.m. on December 3, 2019, Friese terminated Culver.

43. Culver learned he was terminated when he received notice that he was no longer able to access Defendant's network and computer systems.

44. Culver did not resign his employment on December 3, 2019, or at any other time.

45. Had Friese given Culver the opportunity to discuss his ultimatum with his wife, he would have either attempted to reschedule Mrs. Culver's medical test or enlisted a family member or friend to transport Mrs. Culver to and from her test.

46. Defendant and Friese have accommodated other similarly situated, non-disabled employees and/or employees who are not closely associated with a disabled individual with respect to requests for absences, including allowing employees to use unpaid time off, make up the time, or use compensatory time.

47. Culver has been damaged, and continues to be damaged, by Defendant's unlawful actions.

## V. Causes of Action

### COUNT I

### DISABILITY DISCRIMINATION – ADA

48. Culver hereby incorporates paragraphs 1 - 47 of his Complaint.

49. The acts alleged above constitute unlawful employment practices in violation of the ADA.

50. Defendant has failed and refused to apply the same standard to Culver as it has applied to similarly situated employees who are not disabled, do not have a record of disability, and/or who it does not regard as disabled, and/or employees who are not closely associated with a disabled individual.

51. Defendant took unlawful, adverse employment actions against Culver based on his disability, his record of disability, and/or because it regarded him as disabled, including when it terminated his employment.

52. Defendant's actions, as alleged above, deprived Culver of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

53. Culver has suffered damages as a result of Defendant's unlawful conduct, including lost wages, mental anguish, and emotional distress.

54. Defendant's unlawful actions against Culver were intentional, willful, and done in reckless disregard of Culver's rights as protected by the ADA.

## COUNT II

## RETALIATION – ADA

55. Culver hereby incorporates paragraphs 1 - 54 of his Complaint.

56. The acts alleged above constitute unlawful employment practices in violation of the ADA.

57. Defendant failed and refused to apply the same standard to Culver as it has applied to similarly situated employees who have not engaged in protected activity.

58. Defendant took unlawful and retaliatory adverse employment actions against Culver, including when it terminated his employment.

59. Defendant's actions, as alleged above, deprived Culver of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

60. Culver has suffered damages as a result of Defendant's unlawful conduct, including lost wages, mental anguish, and emotional distress.

61. Defendant's unlawful actions against Culver were intentional, willful, and done in reckless disregard of Culver's rights as protected by the ADA.

## COUNT III

## VIOLATIONS OF THE FMLA

62. Culver hereby incorporates paragraphs 1 – 61 of his Complaint.

63. The acts alleged above constitute unlawful employment practices in violation of the FMLA.

64. Defendant failed and refused to apply the same standard to Culver as it has applied to similarly-situated employees who have not requested FMLA qualifying leave and/or taken FMLA leave.

65. Defendant's actions, as alleged above, constitute interference with Culver's FMLA rights and/or constitute retaliation for requesting and/or taking FMLA-qualifying leave, including when it terminated his employment.

66. Culver has suffered damages as a result of Defendant's unlawful conduct, including lost wages.

67. Defendant's unlawful actions against Culver were intentional, willful, and done in reckless disregard of Culver's rights as protected by the FMLA.

## COUNT IV

## VIOLATIONS OF THE FLSA

68. Culver hereby incorporates paragraphs 1 – 67 of his Complaint.

69. Defendant has failed to properly compensate Culver for overtime wages earned by him.

70. Culver has suffered injury as a result of Defendant's unlawful conduct.

71. Defendant's actions have been willful and in reckless disregard of Plaintiff's rights as protected by the FLSA.

## VI.  Relief Requested

WHEREFORE, Plaintiff, Robert Culver, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Culver to the same or similar position, salary, and seniority, or pay front pay and benefits to Culver in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Culver;

3. Defendant pay liquidated damages to Culver;

4. Defendant pay all unpaid wages and/or benefits to Culver;

5. Defendant pay compensatory and punitive damages to Culver;

6. Defendant pay pre- and post-judgment interest to Culver;

7. Defendant pay Culver's attorneys' fees and costs incurred in litigating this action;

8. Defendant pay to Culver any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ Meghan U. Lehner*
Meghan U. Lehner, #25899-49
Eric J. Hartz, #29676-49
CLEVELAND LEHNER CASSIDY
6214 Carrollton Ave., Suite 200
Indianapolis, IN 46220
Tel: 317-388-5424
Fax: 317-947-1863
Email: meghan@clcattorneys.com
 eric@clcattorneys.com

Counsel for Plaintiff, Robert Culver

## DEMAND FOR JURY TRIAL

The Plaintiff, Robert Culver, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*s/ Meghan U. Lehner*
Meghan U. Lehner